## Suzett *v.* Buckels.

In an action on the case for enticing away and harboring a slave, when one witness
  described the slave, the court held, that it was competent to ask another witness if
  he had seen a slave on the defendant's plantation answering to the description.
Identity may be proved either by positive or circumstantial testimony.

IN ERROR from the circuit court of the county of Franklin.

VANNERSON for plaintiff in error.

MONTGOMERY & BOYD, contra.

Opinion by CLAYTON, J.

This was an action on the case, in the circuit court of Franklin
county, for unlawfully enticing away and harboring a negro slave,
belonging to Suzett, the plaintiff. Several errors are assigned in
the proceedings of the court below; one only need be noticed by
us. The plaintiff introduced a witness by whom he proved that
he was the owner of a slave named Edmund, who had absconded
from him in January, 1838, and was recovered by him in August
of the same year, in Franklin county. He described the negro
to be about five feet ten inches in height, and of black complexion.
Another witness was then introduced, who was asked if he had
seen a negro on the defendant's plantation during the period men-
tioned by the former witness; to which he answered affirmatively.
He was then asked if the negro he had seen was like the one de-
scribed by the former witness. The counsel for the defendant
objected to the answering of this question by the witness, and in-
sisted that the plaintiff must first prove the identity of the slave,
and his ownership. The court sustained the objection, and

Suzett *v.* Buckels.

directed the witness not to answer. An exception was taken to this opinion.

It is certainly true, that to enable the plaintiff to recover he must have identified the slave in question as his property. That was a fact which he was bound to make out to the satisfaction of the jury. He might do this, either by positive or circumstantial testimony. The inquiry then arises, whether the question asked of the witness, and rejected by the court, tended to prove the matter in issue. We think that it did: and if the plaintiff did not have it in his power to produce direct testimony, that he ought not to have been precluded from proof of circumstances from which the jury might have formed a proper and satisfactory conclusion.

The judgment will be reversed, and a new trial awarded.

Judgment reversed.